The case for argument is 17-524 in Re Facebook. We're ready when you are. Thank you, Your Honors, and may it please the Court I'd like to start by addressing a statement in the solicitor's brief, the assertion that Peridin's algorithm always requires contiguity whenever an image is repositioned. And using the undisputed facts about how Peridin's algorithm works, the facts that the Board relied on and gave us, I'd like to show that that is, in fact, not a correct characterization of Peridin. So the Board told us in its opinion, the Board said that we should look to Figures 5 and 6 for Peridin's algorithm that reflows images. And the Board didn't go as far as the solicitor's statement that Peridin always requires contiguity whenever an image is repositioned. But the Board called that an example and said, Peridin's algorithms, Figures 5 and 6, and this is on Appendix 6, disclose the set of rules for reflowing items such as the sequential rearranging. And the Board said this sequential rearranging meets the limitation of Facebook's claims of a rule requiring image contiguity as defined in the claims. So if we look at Figures 5 and 6, and Figure 5, I think it's helpful to have that. It's on Appendix 54. And the description of Figure 5 is on Appendix 115. I'll note that the solicitor, I think there's no disagreement that Figure 5 is, in fact, Peridin's algorithm for reflowing images. Both in the Board's opinion and in the solicitor's brief, the solicitor points to Paragraphs 119, 124, 126, those are the... You're doing a lot of talking, but this seems like a really easy case. I mean, Figures 16 and 17, don't show them contiguously. 18 and 19 do, so this is a case where the anticipatory reference doesn't teach the rule, which has to occur all the time. I mean, isn't that that whole case is just over? That's my assertion, Your Honor. Yes, yeah. Okay. Anything else? That's it. I have one more question. Just, and this is just a housekeeping thing. There's a quibble at the end of your brief about the solicitor's reference to the 101. Mm-hmm. What, I mean, are you contemplating here, if we were to agree with your position, it would be a reversal on the anticipation question and then a remand to the Board, and the Board can do, I don't, you know, it's not our job to tell them what they can and can not do in terms of possible other issues like 101. You can fight that below, but isn't that the way we would proceed? From my understanding... Reverse on anticipation and then remanding the case to the Board? From my understanding, there'd be nothing left to remand to the Board. There's no other issues than anticipation. I think the correct approach would be to reverse on anticipation, and then the Patent Office... This is not an ex parte. I mean, this is an ex parte. This isn't interference or, you know, if there are anything else, right? This is an ex parte. We can't order them to issue a patent. All we can do is reverse this, and then what they do thereafter is according to their goals and regulations. Understood. Yeah, that's the correct approach then. Okay, thank you very much. May it please the Court. As you indicated, Judge Moore, the issue here is whether a... which does result in the images being contiguous... One embodiment. ...in the rearranging circumstance meets the language. And you think it's always in the rearranging circumstance. That it always does it, notwithstanding the fact the paradigm doesn't say that. It's just because in one example of that embodiment... Right. One example, it shows that it does, in fact, end up with something that's contiguous. Right. Well, I think it would always result in something contiguous because the algorithm of paradigm talks about using the... flowing it sequentially. So if you have a grid that is filled and you're trying to fill a grid again, you would result in a grid that's still filled. And I would also rely on the fact that when we look at their claim language and what is actually disclosed about contiguous, it is broad. Because you talk about the second position being determined based on a rule requiring the image elements to be contiguous such that each available image position between the first image element in the sequence and the last image element is occupied. So available image position is not defined and could be broad because if you're constrained by the grid or the sizes of the images if you want to put something that's 2 into 1 that is not an available image position. So I think reading their language contiguous is a broad term. Is that an argument that was made below? I didn't see that in the briefs. That is not in the briefs. I guess the reply brief kind of first brought up the fact that paradigm might not always result in it. My understanding was that they were arguing that it was not in the case of 16 and 17 but that they had accepted that it was the case of 18. So when it became clear to me that their argument was that rearranging would not result in contiguousness every time then I'm presenting to you the fact that the claim language is broad enough to encompass. So on page 9 of their gray brief they provided an example. Right. So I have two responses to that example. Sorry, finish your question. The first response I would say I think this meets contiguous under their claim language because it has each available image position is filled and the second response that I have Because of your definition of available image position. Right. And the fact that first and last is also not clearly defined like what's the first image what's the last image. If you say 1101 and 1102 are the first and last you could configure that so that every space is filled if you look at those diagrams. And then the second thing I would say is that their algorithm I believe would give you the exact same result because they talk about finding the leftmost and shortest column and they're also talking about constraining the grid. Okay, but we're just looking at their claims. Can I ask you something? Under your new definition of available, what is it the language available grid position? Available image position. Thank you. Under your definition I suppose that you think that even the image shown in figure 16 would be contiguous. I think that's the board conceded that their decision did say that they weren't focusing on the 16 and I think that might But under your broad definition that you're saying for the first time today, that would have to be contiguous as well even though the board said it's not. I don't see how your interpretation can be correct or at least it's not the one the board adopted. It really seems like one of those cases you should have walked back. Why didn't you walk it back? You've got an alternative argument that maybe has some good legs. Why didn't you walk it back? We felt that the claim language was broad that the prior art is showing something similar. It is also trying to place things sequentially. Basically we felt that this decision was defensible. Are there any further questions? I assume you agree with the view we expressed about how we need to proceed. Correct. Yes, it would certainly. I'm happy to address any questions the panel has.  Thank you.